UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL BATISTE                                                    CIVIL ACTION

VERSUS                                                          NO.  13-5463-KDE-SS

FAHEEM RASHEED NAJM, et al

## ORDER

DEFENDANTS' MOTION FOR SANCTIONS (Rec. doc. 194)

**DENIED IN PART AND DENIED IN PART WITOUT PREJUDICE**

On April 30, 2015, the District Judge denied motions to continue the trial.  Rec. doc. 169.  The pretrial conference is set for Thursday, July 9, 2015.  The trial is set for Monday, July 20, 2015, before a jury.  Rec. doc. 128.  The deadline for completion of depositions was June 20, 2015.  Rec. doc. 164.

On April 8 and April 20, 2015, Defendants[1] served plaintiff, Paul Batiste ("Batiste"), with written discovery.  Batiste did not respond within the deadlines provided in the Federal Rules of Civil Procedure.  On May 26, 2015, Defendants filed a motion to compel.  They requested expedited consideration because the depositions of Batiste and his expert, Archie Milton, were noticed for June 11 and 12, 2015.  Rec. doc. 178.  The motion was set for submission on June 2, 2015.  Rec. doc. 183.  On May 28, 2015, Batiste served discovery responses.  On May 29, 2015, Defendants filed a supplemental memorandum contending that the May 28 discovery responses are inadequate.  Rec. doc. 184.  The motion was reset for June 5, 2015.  Rec. doc. 188.

---

[1] Defendants, Universal Music – MGB Songs; Universal Music - Z Tunes LLC; Sony/ATV Tunes LLC and EMI April Music Inc. (erroneously sued as Sony/ATV Music Publishing LLC); Nappy Boy Publishing, LLC (erroneously sued as Nappypub Music); and Faheem Najm (p/k/a T-Pain) (collectively "Defendants"),

In their June 4 reply memorandum, Defendants identified four categories of information they required: (1) commercial releases of the three songs; (2) creation documents; (3) documents regarding access; and (4) documents regarding damages. Rec. doc. 190.

Because the depositions of Batiste and his expert, Milton, were set for June 11 and 12, Batiste was ordered to produce two categories of documents by June 9: (1) deposit copies and/or commercial releases of the three songs; and (2) all documents regarding his claims for actual damages.

If he did not have the first category, by June 9 Batiste was to provide Defendants with an affidavit that he was not in possession, custody or control of the deposit copies or commercial releases of the three songs and state whether deposit copies and/or commercial release copies exist and if so where. If he did not have the second category relating to damages, by June 9 he was to provide Defendants with an affidavit that he is not in possession, custody or control of any such documents.

To provide Batiste with more time to find the other two categories of documents, he was ordered to produce creation documents and access documents by June 19.[2]

Batiste did not produce any documents by June 9. On June 19, he produced a declaration stating that after a diligent search he did not have any documents in the four categories. He states, however, that he "will continue to search for the requested documents, and will forward them to the defendants once discovered." Rec. doc. 200 (Exhibit). On June 19, he identified the vocalist in one song.

---

[2] The "creation documents" included all documents regarding how the songs were written and recorded, including chord charts, lead sheets, drafts, early versions, keyboard or drum tracks, and communications between any of the band members. "Access documents" refers to documents confirming that anyone other than Batiste was aware of the existence of the works.

While Batiste did not produce any documents by June 9 or the required affidavit, Defendants were not prejudiced because he did not produce the documents after June 9. He has stated that after a diligent search he cannot find the documents. The only issue is whether Batiste makes a last minute discovery of any of the documents in the four categories before the start of the trial or perhaps during the trial. Whether Batiste can introduce such evidence at the trial is reserved to the District Judge. Accordingly, Defendants request for an order excluding evidence of the four categories is denied without prejudice.

Defendants' request for monetary sanctions is denied.

IT IS ORDERED that Defendant's motion for sanctions for plaintiff's failure to obey Court's discovery order (Rec. doc. 194) is DENIED as to the request for monetary sanctions and is DENIED WITHOUT prejudice as to the request to exclude plaintiff's evidence.

New Orleans, Louisiana, this 1st day of July, 2015.

_____
SALLY SHUSHAN
U.S. Magistrate Judge